## STATE *vs.* ALBERT DAY.

*Criminal Law—Pointing a Pistol—Former Conviction—Assault and Battery—Evidence—Same Offense or one necessarily included in the other—What must be proved.*

1.  In a trial for pointing a gun or pistol, where the defendant has interposed the plea of former conviction, the defendant may be asked by his counsel whether he had any other altercation with the prosecuting witness on the day of the alleged offense, or on any other day, except the one embraced in the assault and battery for which he was tried before the Justice.

2.  The State, at such trial, will be permitted to introduce in evidence the bond given by the defendant for his appearance at Court, and also the record of the Justice respecting the case on trial

3.  To plead *autrefois* convict with effect, the crime must be the same in fac for which the defendant was before convicted, or must be necessarily included in the former.  If the jury find from the evidence that the pointing of a pistol, for which the defendant is being tried, was included in and was a necessary part of the assault and battery for which he was convicted before the Justice, then the defense of former conviction would avail, and their verdict should be for the defendant.

(*September 30, 1904.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Herbert H. Ward,* Attorney-General, and *Edward G. Bradford, Jr.,* for the State.

*Walter H. Hayes* for the defendant.

Court of General Sessions, New Castle County, September Term, 1904.

INDICTMENT FOR POINTING A GUN OR PISTOL (No.—, September Term, 1904).

The defendant pleaded not guilty and also filed a plea in bar setting forth a conviction before a Justice of the Peace of assault and battery, which charge he claimed included that of pointing

the pistol, being a part of the same transaction; all the facts concerning which were before the Justice at the time. The State filed a replication denying that it was the same assault or was included in it and the defendant filed a *similiter*. The question submitted to the jury was whether the pointing of the pistol was a necessary part of the assault and battery for which the defendant had been tried and convicted. The record of the Justice was admitted in evidence on the part of the defendant, and the defendant testified that the only assault and battery committed upon the prosecuting witness, J. H. Mahaffy, Jr., was the one shown by the record of the Justice. The defendant was then asked by his counsel the following question :

Q. Without giving any facts answer this question yes or no. You are charged here in an indictment with pointing a pistol at Mr. Mahaffy on the 10th of July, 1904. Did you have any other altercation of any kind with Mahaffy on that day or on any other day except the one on the charge of assault and battery testified to that day before Esquire Hollis ?

(Objected to by the Attorney-General on the ground that it was calling for the opinion of the witness and for a conclusion of fact. Objection overruled.)

No sir; nothing else.

By agreement of counsel the stenographic report of the evidence taken before the Justice was admitted in evidence and read by defendant's counsel to the jury. The defendant then rested, and the Attorney-General called the Justice of the Peace, George H. Hollis, and asked him, among others, the following questions :

Q. Will you look at this bond which I hand you and state whether or not that is the bond which was given by the defendant Day upon this record which you have stated was the record of the charge for pointing a pistol.

(Objected to by counsel for defendant as irrelevant. Objection overruled.)

A. Yes, sir.

(The above bond was then offered in evidence by the State, the Attorney-General stating that the bond was for the appearance of the defendant at the present term, and that the State desired to follow up the record of the Justice and connect the bond with the case now before the Court. Objected to by defendant's counsel.)

LORE: C. J.:—We think it is admissible.

*Mr. Ward:*—I offer in evidence the record of the Justice of the Peace of the pointing of the pistol.

(Objected to by counsel for defendant as irrelevant.)

LORE, C. J.:—We think it is admissible.

(A second bond given by the defendant before the Justice was offered in evidence by the State and admitted over the objection of defendant's counsel.)

### DEFENDANT'S PRAYERS.

The defendant prayed the Court to instruct the jury first, that they find for the defendant, because the charge contained in the indictment is necessarily included in and constitutes a part of the charge for assault and battery for which he was tried and fined by a court of competent jurisdiction on the 24th of August.

*Clark on Criminal Procedure, 402 ; State vs. Townsend, 2 Harr., 543 ; State vs. Cooper, 13 N. J. Law, 361 (372-5) ; People vs. Defoor, 100 Cal., 150.*

And *second*, that if the jury have a reasonable doubt as to the above proposition—this being a criminal case—the defendant is entitled to the benefit of it.

LORE, C. J. :—This is not a question of guilty or not guilty, but whether the assault and battery includes or was the same transaction as the pointing of the pistol—whether the pointing of the pistol was a part of the same transaction for which the defendant was tried and fined in the Court below.

### PRAYERS FOR THE STATE.

Counsel for the State prayed the Court to instruct the jury that the pointing of the pistol and the assault and battery were two distinct and separate transactions entirely independent of each other; that the facts that go to make up the one form no part in the completion of the other.

*Clark on Criminal Procedure, 404; State vs. Inness, 53 Me., 536; Boswell vs. State of Florida, 20 Florida, 869; State vs. Hodgkins, 12 N. H., 474; Carter vs. McClory, 183 U. S., 395.*

LORE, C. J., charging the jury :

Gentlemen of the jury:—Albert Day, the defendant, is indicted for pointing a pistol at one J. H. Mahaffy, Jr. He has interposed as a plea in bar to that indictment that he has been heretofore convicted of the offense with which he is now charged in a trial that was had before a Justice of the Peace, George H. Hollis, for an assault and battery, and that having been so convicted he is not liable to be convicted in this case, nor may he be a second time put in peril or punished for the same offense.

In order to avail himself of that plea we will state to you what the law requires as laid down in the case of *State vs. Townsend, 2 Harr., 546.*

" To plead *autrefois* convict with effect, the crime must be the *same* in fact for which the defendant was before convicted, or must be *necessarily included in* the former."

The defendant claims that it was included in the former; that in the trial for assault and battery before Justice Hollis this whole matter was gone into and that this offense was included.

If you find as a matter of fact from the evidence which has been adduced in this case that the pointing of this pistol was included and was a necessary part of the assault then alleged to have been made by Albert Day upon Henry C. Mahaffy, Jr., then the defense of former conviction would avail and your verdict should be for the defendant; otherwise your verdict should be for the State.

You are only empanelled in this case to ascertain whether or not, from the facts and the law as laid down to you by the Court, the defendant has been convicted of the same offense before, or of an offense including this, and if he has your verdict should be for him. If he has not, as the facts are disclosed before you and upon the law as we have stated it to you, then your verdict should be that he has not been so convicted.

Verdict for defendant.

