## STATE v. CHEESEMAN.

No. 3953.  Decided February 14, 1924.  (223 Pac. 762.)

1.  CRIMINAL LAW—ACQUITTAL OF FAILURE TO REPORT AUTOMOBILE ACCIDENT NOT CONCLUSIVE ON MANSLAUGHTER CHARGE, OF NO ACCIDENT OR RECKLESS DRIVING. Acquittal on a charge of failure to immediately report the details of an automobile accident is not conclusive, on prosecution for manslaughter based on the same accident, that there was no such accident or that defendant was not chargeable with reckless driving.

2. CRIMINAL LAW—ESSENTIAL. FOR ACQUITTAL TO BAR PROSECUTION
   FOR ANOTHER OFFENSE. Acquittal of one offense is no bar to
   prosecution for another offense, unless it appears that some
   essential element of the second offense was necessarily adjudi-
   cated and determined in the prosecution for the first offense.

Appeal from District Court, Third District, Salt Lake
County; *Ephraim Hanson,* Judge.

Walker Cheeseman was indicted for manslaughter. From
judgment on a verdict directed for defendant, the state
appeals.

REVERSED.

*E. A. Rogers,* Dist. Atty., of Salt Lake City, for the State.

. *William Story, Marioneaux & Beck,* and *P. P. Jenson,* all
of Salt Lake City, for respondent.

THURMAN, J.

The defendant was tried in the district court of Salt Lake
county on an information charging him with the crime of
manslaughter, caused by negligently operating an automobile
and thereby colliding with and injuring one Dale Holt, which
injury resulted in his death. At the beginning of the trial
the defendant was permitted to enter a plea of former ac-
quittal, in addition to his plea of not guilty theretofore
entered. A jury having been sworn to try the case, the
defendant produced evidence of the proceedings in another
case against him, from which it appeared that he had been
tried by a city judge and ex officio justice of the peace of
Salt Lake City, upon a complaint charging him with failing
to immediately report the details of an automobile accident
as required by Comp. Laws Utah 1917, § 3979, as amended
in Sess. Laws 1921 at page 235. Upon his trial for that
offense the defendant was found not guilty. The alleged
accident in that case was shown to be the same accident as

that alleged in the information for manslaughter. The foregoing evidence in support of defendant's plea of former acquittal was admitted over the objection of the district attorney that the same was irrelevant and immaterial. His motion to strike the evidence after it was admitted was denied. It appearing that defendant had been tried and acquitted of the offense of failing to report the accident, defendant made the contention that that was conclusive evidence in behalf of defendant in the manslaughter case, inasmuch as the verdict in the former case was an adjudication that there had been no accident. The trial court sustained defendant's contention and instructed the jury to find the defendant not guilty. The verdict was rendered accordingly, and judgment entered thereon, from which judgment the state appeals and assigns as error the foregoing rulings of the court.

Notwithstanding the plea of former acquittal, it does not appear that defendant relied upon that but relied on his plea of not guilty, and upon the evidence referred to as sustaining that plea. It was a strange proceeding and a strange termination of what may have been a flagrant case of criminal negligence.

In the case before the city justice, the defendant may have been acquitted solely because he disclaimed knowledge of the accident and therefore should not be held guilty of failing to report. This would in no manner determine the question as to whether an accident had occurred or whether the defendant was driving his car recklessly or without due caution and circumspection. Indeed, the fact that one is driving recklessly and without due caution and circumspection may be a cogent explanation for his lack of knowledge as to the occurrence of an accident. Hence it is manifest the defendant might be entirely innocent as far as failure to report the accident is concerned, and at the same time be flagrantly guilty of criminal negligence in killing the deceased.

It cannot be true, upon any theory of the doctrine of res adjudicata, that the prosecution for manslaughter is concluded by the judgment in the former case. It would be

a travesty of sound reason to hold that a judgment in one case, which may have been founded solely on the fact that a defendant was innocent of failing to report an accident, is conclusive evidence of the fact that no accident occurred or that defendant was not chargeable with reckless driving. It requires no argument or analysis of cases to demonstrate that such is not the law. Appellant has cited numerous cases against the contention of defendant, from which we select a few which appear to be in point:

In *Burlen* v. *Shannon*, 99 Mass. 200, 96 Am. Dec. 733, at page 736, as reported in Am. Dec., the court says:

"A verdict and judgment are conclusive * * * only as to those facts which were necessarily involved in them, without the existence and proof or admission of which such a verdict and judgment could not have been rendered."

No one can consistently contend that the verdict of not guilty in the case before the city justice could not have been rendered without proof that there was no accident. The case above cited, and the language we have quoted, was approved and followed in *Sly* v. *Hunt*, 159 Mass. 151, 34 N. E. 187, 21 L. R. A. 680, 38 Am. St. Rep. 403.

In the case first above cited, it is also said at page 738, speaking of the defendant:

"When he relied upon the record of the first judgment in his favor as a bar to the second action for similar subsequent torts, it was left doubtful on which of the two grounds he prevailed at the former trial; and for this cause the court held that the plea could not be sustained."

In *Robinson & Co.* v. *Marr*, 181 Ill. App. 605, the third headnote reflects the opinion of the court:

"For a judgment in a former suit to operate as an estoppel, there must be no uncertainty as to the precise question raised and determined in such suit; and it must appear upon the record or by extrinsic evidence that that precise question is a controlling issue in the second suit."

Appellant also quotes the following excerpt from *Russell* v. *Place*, 94 U. S. at page 608 (24 L. Ed. 214) :

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one

suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record —as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible."

The opinion in that case refers approvingly to the decision in *Packard Co.* v. *Sickles*, 5 Wall. 580, 18 L. Ed. 550, in which the same rule is declared.

This seems to be the prevailing doctrine in practically every jurisdiction of the country.

Appellant refers to numerous other cases which it is unnecessary to review, but which may be of interest to the reader: *Fitch* v. *Stanton*, 190 Fed. 310, 111 C. C. A. 210; *Lawrence* v. *Hunt*, 10 Wend. (N. Y.) 80, 25 Am. Dec. 539; *People* v. *Grzesczak*, 77 Misc. Rep. 202, 137 N. Y. Supp. 538.

In addition to the foregoing cases, which illustrate the general rule, the state makes the further point "that the same acts or group of acts may constitute several offenses, subjecting the offender to as many punishments as there are offenses." *Commonwealth* v. *Roby*, 12 Pick. (Mass.) 496; *Morey* v. *Commonwealth*, 108 Mass. 433; *Ruble* v. *State*, 51 Ark. 170, 10 S. W. 262; *State* v. *Stewart*, 11 Or. 52, 238, 4 Pac. 128; *State* v. *Rose*, 89 Ohio St. 383, 106 N. E. 50, L. R. A. 1915A, 256; *State* v. *Elder*, 65 Ind. 282, 32 Am. Rep. 69; *State* v. *Gapen*, 17 Ind. App. 524, 45 N. E. 678, 47 N. E. 25; *State* v. *Jellison*, 104 Me. 281, 71 Atl. 716; *Gardner* v. *People*, 20 Ill. 431; *Moore* v. *People*, 14 How. 13, 14 L. Ed. 306.

It is not necessary to unqualifiedly adopt the rule announced in all of these cases. It may be said, however, with perfect safety, that within the doctrine of the

authorities cited the acquittal of a person for one    **2**
offense is no bar to the prosecution of another, unless
it appears that some essential element of the second offense
was necessarily adjudicated and determined in the offense
of which he was acquitted.

Respondent has not favored us with a brief in support of
his contention in the court below. He obtained his acquittal
upon a technicality which never had a shadow of merit,
even as a technicality. The same result might have been
obtained if defendant had been charged with murder in the
first degree. The question is therefore one of more than
ordinary public importance, and should emphasize the fact
that after all the responsibility rests upon the trial courts in
cases before them to see that the law is properly administered.
The district attorney is to be commended for appealing the
case and for his able presentation of the law.

The judgment of the trial court is reversed.

WEBER, C. J., and GIDEON, FRICK, and CHERRY,
JJ., concur.