STATE OF DELAWARE V. RALPH BENJAMIN SIMMONS.

(*October* 1, 1953.)

RICHARDS, P. J., sitting.

*David P. Buckson* for defendant.

*Stephen E. Hamilton, Jr.,* Deputy Attorney-General, for the State.

Superior Court for New Castle County, Criminal Action No. 20, November Term, 1952.

RICHARDS, P. J.:

The defendant was indicted by the Grand Jury of New Castle County, at the November Term 1952, for manslaughter by operating his automobile along a certain public highway in Pencader Hundred, on the eighth day of April, 1952, in a reckless, negligent, careless and unlawful manner and therby causing the death of one John Williard Cribb.

The indictment consists of eleven specific charges of negligence, one of which being designated as Count F charges: "that

he was then and there operating said motor vehicle in violation of Section 92, Chapter 165 as amended, *Revised Code of Delaware* (1935), and the laws of the State of Delaware, in that he drove to the left side of the center line of the Highway in overtaking and passing another motor vehicle proceeding in the same direction when such left side was not clearly visible and free of oncoming traffic for a sufficient distance ahead of him to permit such overtaking and passing to be made in safety".

The defendant sets out in his plea in bar that on the twenty-third day of October, 1952, he was charged before Thomas Holcomb, II, a Justice of the Peace, in and for New Castle County with driving an automobile on the State Highway on April 8, 1952, in violation of Section 92 of the Motor Vehicle Law, 21 *Del. C.* § 4133, being the same charge which is contained in Count F of indictment as above quoted; that at the hearing on said charge before the said Justice of the Peace on the said twenty-third day of October, he was found not guilty.

The defendant contends that he is the same person named in the charge of which he was found not guilty by the said Justice of the Peace and that the offense for which he was charged, tried and found not guilty by the said Justice of the Peace is the same offense for which he is charged in this Court by Count F of the indictment. He, therefore, contends that prosecution under the indictment pending in this Court constitutes double jeopardy in violation of Article 1, Section 8, of the State Constitution *Del. C. Ann.*

The plea of former jeopardy does not go to the merits of the offense, nor does it question any criminal act of the defendant. It is in the nature of a collateral civil proceeding to determine what action was taken by the court at some former time. 114 *American Jurisprudence*, p. 957, Sec. 278.

In order to determine whether two indictments charge the same offense, it is necessary to ascertain whether the facts required to convict on the second prosecution would necessarily have convicted on the first prosecution.

Article 1, Section 8, of the Constitution, which provides that "no person shall be for the same offense twice put in jeopardy of life or limb", recognizes the ancient rule of the common law.

Some authorities make a distinction between the offense committed and the unlawful act from which it arises, holding that the rule of double jeopardy applies to the offense and not to the act. *Henson v. Comm.*, 165 *Va.*, 829, 183 *S. E.* 438; *State v. Midgett*, 214 *N. C.* 107, 198 *S. E.* 613; *People v. Allen*, 368 *Ill.* 368, 14 *N. E.* 2d 397; *Dowdy v. State*, 158 *Tenn.* 364, 13 *S. W.* 2d 794.

The Delaware case of *State v. Townsend*, 2 *Harr.* 543, which is relied upon by the defendant, supports this position. In that case the defendants were convicted for creating a riot which took place at a religious meeting; upon a subsequent indictment for disturbing the religious meeting, the Court held, the rioters could not be indicted both for the riot and for disturbing the religious meeting, as punishment for the former covered the latter offense.

Many courts throughout this country have held that the acquital of a statutory misdemeanor for the negligent operation of a motor vehicle in a manner to endanger life or the safety of the public, is not a bar to a prosecution for manslaughter arising out of the same transaction. The reason generally assigned for this position is, that the charge of manslaughter requires additional proof of wilful, wanton and reckless misconduct; also that the court before which the charge for the misdemeanor is tried has no jurisdiction over the charge of manslaughter. *Com. v. Jones*, 288 *Mass.* 150, 192 *N. E.* 522; *State v. Camera*, 132. *Conn.* 247, 43 *A.* 2d 664; *People v. Wilson*, 193 *Cal.* 512, 226 *P.* 5; *Com. v. Bergen*, 134 *Pa. Super.* 62, 4 *A.* 2d 164; *State v. Albertalli*, 1915, *N. J. Sup.*, 112 *A.* 724; *Thompson v. State*, 99 *Tex. Cr. R.* 470, 269 *S. W.* 1048; *Henson v. Com.*, *supra*; *State v. Midgett*, *supra*; *People v. Allen*, *supra*; *State v. Cheeseman*, 63 *Utah* 138, 223 *P.* 762.

■ The defendant was first charged with a statutory misdemeanor for a violation of the motor vehicle law. Being tried on this charge before a Justice of the Peace he was found not guilty. Subsequently the present indictment for manslaughter, an offense over which the Justice of the Peace has no jurisdiction, was returned by the Grand Jury.

There are eleven specific charges of negligence in the indictment and the jury could find the defendant guilty of manslaughter on any one of these charges if the evidence before it was sufficient to warrant such finding.

To hold that a person who had been tried for a statutory misdemeanor by violating a motor vehicle law, could not be tried for manslaughter if a person injured at the time of the occurrence subsequently died, would allow many guilty offenders to go unpunished.

There is no doubt that the violation of the motor vehicle law by the defendant, and his acts of negligence which caused a death upon which the indictment for manslaughter is founded, occurred at the same time, but they constitute separate offenses.

I am of the opinion that the indictment for manslaughter does not place the defendant in double jeopardy.

The plea in bar is dismissed.