STATE OF DELAWARE, Plaintiff Below, Appellee, v. GARY J. HEITTER, Defendant Below, Appellant.

(*July* 31, 1964.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*Victor F. Battaglia,* of the firm of Theisen & Lank, for appellant.

*Thomas Herlihy, 3d,* Chief Deputy Atty. Gen., for appellee.

Supreme Court of the State of Delaware, No. 23, 1964.

TERRY, Chief Justice.

On April 29th, 1963, the defendant was arrested for reckless driving and driving under the influence of intoxicating liquor, in violation of 21 *Del. C.* §§ 4123 and 4111 (a). Such charges arose out of a motor vehicle accident which occurred on April 27th, 1963. The defendant demanded an immediate trial of these two statutory misdemeanors. A Justice of the Peace found the defendant not guilty of both charges. The evidence offered by the state at the trial endeavored to show that the defendant's driving was erratic as the result of his alleged consumption of alcoholic beverages and that the defendant was driving at such a rate of speed as to constitute reckless conduct.

Subsequent to his acquittal, the defendant was indict-

ed by the Grand Jury of New Castle County for manslaughter by motor vehicle, in violation of 11 *Del. C.* § 575. This indictment contained six counts. Counts 1, 2, and 5 charged the defendant with reckless conduct in the operation of his motor vehicle; Count 3 charged the defendant with drunken driving; and Counts 4 and 6 charged the defendant with driving at an unsafe rate of speed which was in excess of the prescribed maximum speed limit in violation of 21 *Del. C.* § 4125(a) and § 4126(b).

Prior to trial, the defendant moved in the court below to dismiss the indictment upon the grounds that a trial upon the indictment would contravene the double jeopardy prohibition as enunciated in Article I, Section 8 of the Constitution of this State, *Del. C.* and would further contravene the Fourteenth Amendment to the United States Constitution. Because of the uncertainty engendered by conflicting trial court decisions and because of the fact that the issue might remain unresolved because of a judgment for defendant upon the merits, the lower court, pursuant to Rule 20 of the Rules of this Court, *Del. C.*, has certified to us the following question:

"May a defendant after being acquitted by a Justice of the Peace of the two statutory misdemeanors of reckless driving and driving under the influence, be prosecuted in the Superior Court for manslaughter by motor vehicle arising out of the same transaction as the two statutory misdemeanors?"

■ ■ Article I, Section 8 of the Constitution of this State provides, inter alia:

"* * * no person shall be for the same offense twice put in jeopardy of life or limb. * * *"

The double jeopardy provision of the Fifth Amendment

to the Federal Constitution, which contains substantially identical language, has been held inapplicable to state criminal proceedings. See *Palko v. Connecticut*, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937). The Federal standard merely disables a state from following a double jeopardy policy which is universally shocking to the conscience of our general citizenry. See *Brock v. North Carolina*, 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456 (1953).

The Supreme Court has, however, recently held that Federal Fifth Amendment self-incrimination standards are applicable to state criminal proceedings. See *Malloy v. Hogan*, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). Accordingly, it may well be that the entire Fifth Amendment will ultimately be held applicable to state criminal proceedings. However, we have been unable to perceive any substantial divergence between the Federal double jeopardy standard and the standards applied by this state with respect to the problem of multiple prosecution for offenses arising out of the same criminal act. The primary divergence between Federal and State standards may be found in reprosecution upon the original charge if the original charge did not proceed to final verdict. See "Double Jeopardy: The Reprosecution Problem", 77 Harv.L.Rev. 1272 (1964).

The constitutional protection against double jeopardy is a valuable shield to protect a defendant against unwarranted and unjustified harassment by multiple prosecution. As was stated by the Supreme Court of New Jersey in *State v. Currie*, 41 N.J. 531, 197 A.2d 678 (1964):

"It justly assures that the State with its great resources will not be permitted to harass and oppress the individual by multiple prosecution or punishment for the same offense." (At page 681 of 197 A.2d)

As noted above, the six counts of the present indictment may properly be grouped into three separate categories: Those alleging reckless conduct; drunken driving; and excessive speed. The state, however, contends that only one of the six counts properly raised the charge of reckless driving, since only one specifically alleges a violation of 21 *Del. C.* § 4123. However, the two counts which do not specifically allege a violation of 21 *Del. C.* § 4123 do specifically allege "reckless" driving.

We first consider Counts 1, 2, 3 and 5 alleging reckless driving and driving under the influence of intoxicating liquor. The issue of whether or not the conduct of the defendant on April 27th, 1963 constituted reckless driving or drunken driving has previously been litigated by a court of competent jurisdiction between the same parties now present here, and that issue has been determined adversely to the state. Accordingly, this matter is res judicata between the parties and may not now be relitigated by the state in a subsequent criminal proceeding.

It is a well-settled rule of law that the doctrine of res judicata is available to a defendant in a criminal proceeding. As stated by the Supreme Court of the United States:

"That doctrine [res judicata] applies to criminal as well as civil proceedings * * * and operates to conclude those matters in issue which the verdict determines though the offenses be different."
*Sealfon v. United States*, 332 U.S. 575, 578, 68 S.Ct. 70, 92 L.Ed. 341 (1948). See also *United States v. Oppenheimer*, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916).

The recent decision of *In re Martinis*, 20 A.D.2d 79, 244 N.Y.S.2d 949 (1963) indicated the application of the

doctrine of res judicata in a substantially identical factual situation. In Martinis, the defendant had been acquitted of drunken driving and reckless driving and was subsequently indicted for criminal negligence resulting in death. In holding that the subsequent prosecution was barred, the court noted that recklessness was an essential element of proof in a subsequent prosecution. Accordingly, the court stated:

"When such facts are determined by a court of competent jurisdiction they are to be accepted as true in any other court when the parties are the same in both proceedings." (At page 958 of 244 N.Y.S.2d)

In the instant case, as noted above, the magistrate's acquittal operated as a finding that the conduct of the defendant on the day in question did not constitute reckless driving and that the defendant was not driving while under the influence. Accordingly, these issues may not now be relitigated. The trial may proceed, however, upon Counts 4 and 6 unless such trial would be barred by the general principles of double jeopardy. See 15 Am.Jur. Criminal Law, Sec. 367.

Addressing ourselves to the proper interpretation placed upon the constitutional prohibition against double jeopardy, we must initially consider the contention of the defendant that the subsequent trial is barred because admittedly the second charge is predicated upon the same transaction or occurrence which furnished the basis for the original statutory misdemeanors. Some support for this position may admittedly be found in *State v. Day*, 5 Pennewill 101, 21 Del. 101, 58 A. 946 (1904), which indicated that the appropriate test in determining whether or not subsequent trial is barred is whether or not the offense charged in the second trial arose out of the same transaction as the offense charged in the original trial.

If this concept is applied literally, it does represent a misconception of the applicable principles of double jeopardy. As was stated in *State v. Norris,* 6 Terry 333, 45 Del. 333, 73 A.2d 790 (Del. Court of General Sessions, 1950):

"It is to be noted that the prohibition is not against multiple prosecution of the same criminal *act,* which in itself might constitute two or more separate *offenses,* but is solely against multiple prosecution of the same *offense* arising out of the criminal act." (At page 792 of 73 A.2d)

The correct test, therefore, is not solely concerned with whether or not the offense charged in the second prosecution arose out of the same transaction as the original charge. The applicable test is whether or not the evidence in support of the original charge is absolutely essential to support a conviction of the second charge. See *State v. Schwartz,* 5 W.W.Harr. 418, 35 Del. 418, 166 A. 666 (Del.Court of General Sessions, 1932).

Addressing ourselves to the specific question presented by this certification, we must initially consider the decision of the Superior Court in *State v. Simmons,* 9 Terry 166, 48 Del. 166, 99 A.2d 401 (1953). In Simmons, the court held that a plea of double jeopardy was not available to a defendant following acquittal before a magistrate for motor vehicle violations upon his subsequent trial for manslaughter. The rationale of the court was predicated upon two contentions: In the first place, the court was of the opinion that the manslaughter charge required proof of the element of reckless misconduct in addition to the proof which was required under the original misdemeanor charge. Secondly, the court held that there was no actual "jeopardy" of the greater offense in the original charge since the magistrate did not have jurisdiction over the felony of manslaughter.

The opinion also contains some inference that it would be inequitable to allow the plea to be sustained if death intervenes subsequent to the original misdemeanor charge. However, we are of the opinion that the subsequent death of the victim of a motor vehicle accident cannot in any manner impair the constitutional right of the defendant to invoke his rights against double jeopardy if the state elects to institute immediate prosecution for the statutory misdemeanors, if the charge of manslaughter is based upon the same statutory violations.

In examining the predicate for decision in the Simmons case, we must note the limited scope of the question certified to us for decision. The decision postulates two conditions: First, that the trial for the statutory misdemeanors preceded trial for the felony; and secondly, that the defendant was acquitted in the original proceeding. Therefore, those decisions dealing with initial trial for the felony or conviction of the statutory misdemeanors are not dispositive of the instant question, and we express no opinion as to the potential applicability of the principles of double jeopardy in such circumstances. See *Paxton v. State*, 151 Tex.Cr.R. 324, 207 S.W.2d 876 (1948).

As noted above, the initial ground for decision in the Simmons case was the contention that no double jeopardy was present because the second prosecution required proof of an additional element. As applied to the specific facts in this case, this ground of decision has admittedly been overruled by the decision of this court in *State v. Hupf*, 9 Terry 254, 48 Del. 254, 101 A.2d 355 (1953). However, we are of the opinion that resort to the Hupf decision is unnecessary to dispose of this initial ground of decision. Assuming acquittal upon the original charge, we believe it to be a non-sequitur to state that the second trial is not barred because of the presence of an

additional element. If the state, in the initial proceeding, has failed to prove one of the elements vital to conviction under the second charge, then it appears *a fortiori* that the second trial is barred, assuming the necessity to prove not only the original elements of the offense charged in the first trial but new and entirely separate elements.

The second ground of decision in Simmons was the holding that there was no actual "jeopardy" since the magistrate did not have jurisdiction over the manslaughter charge. This appears to be an excessively rigid interpretation of the meaning of the word jeopardy. It is obvious that the lower court had jurisdiction of the lesser offenses charged and would have been competent to pronounce a verdict of guilty and impose sentence thereon. In addition, had the state elected to proceed immediately upon the manslaughter charge and defer the statutory misdemeanors until after conclusion of the felony proceeding, it appears clear that the subsequent prosecution would be barred. See *Paxton v. State,* cited supra.

If the second offense meets the substantial evidence test as enunciated in Schwartz, cited supra, and if the original court had jurisdiction over the lesser offenses charged, we feel it would be an anomalous result to allow the defendant a double jeopardy plea if the greater offense was charged first and to deny it to him merely because the misdemeanor proceedings are concluded prior to the felony indictment. Compare *State v. Norris,* supra. We also note the holding of the Supreme Court of New Jersey that the primary purpose of motor vehicle laws are for the protection of the general public at large while prosecution for manslaughter and related offenses represent penal laws designed to protect the individual rights of the decedents or victims. See *State v. Shoopman,* 11 N.J. 333, 94 A.2d 493 (1953). However, in our opinion, this is a

distinction without a difference. The purpose of the motor vehicle penal laws is, admittedly, the protection of the public at large, but the individual decedent or victim is a member of that public and is part of the class for whose protection the motor vehicle laws have been enacted.

It is also admittedly true that magistrate's proceedings are often summary proceedings where the state is not represented by a Deputy Attorney General. See *State v. Currie,* cited supra. However, it is the state which makes the determination that the defendant will be charged with the statutory misdemeanors, and it matters little to the defendant that his fine or imprisonment results from a summary proceeding rather than from a proceeding in a constitutional court of record. We are, therefore, of the opinion that the Simmons decision, insofar as it holds that the defense of double jeopardy is not available to one who has been acquitted of a motor vehicle violation and is subsequently reprosecuted for a felony arising out of the same motor vehicle accident, is an incorrect statement of the law.

Our inquiry is not ended, however, with this determination. The precise question presented is whether or not the two remaining counts on the indictment fall within the substantial evidence test as enunciated in Schwartz. We are of the opinion that they do not. The two counts in question, as noted above, charge the defendant with driving at an excessive and unsafe speed. Such actions do not require a finding of reckless conduct. Therefore, the defendant has never been placed in jeopardy for the offenses charged in these two counts and the quantum of evidence required to support the original charge is substantially greater than the quantum of evidence required to support the charges indicated in the indictment. Accordingly, the constitutional provisions prohibiting double

jeopardy do not bar prosecution upon the two remaining counts in the indictment in question.

Subject to the above limitations, the question is therefore answered in the affirmative.