STATE OF NORTH CAROLINA v. RONALD E. HOPKINS

No. 51

(Filed 13 October 1971)

1. **Constitutional Law §§ 34, 37— double jeopardy — waiver of the right**
    The constitutional right not to be placed in jeopardy twice for the same offense may be waived by the defendant, and such waiver is usually implied from his action or inaction when brought to trial in the subsequent proceeding.

2. **Constitutional Law §§ 34, 37; Criminal Law § 26— waiver of double jeopardy plea**
    A defendant who entered a plea of guilty after his previously entered plea of former jeopardy was overruled thereby waived any right to dismissal of the charge on the ground of former jeopardy.

APPEAL by defendant from the Court of Appeals which found no error in the judgment of *Rouse, J.,* at the January 1971 Criminal Session of BEAUFORT, sentencing the defendant to imprisonment in the county jail for not less than 18 nor more than 24 months upon his plea of guilty to nonfelonious breaking and entering.

The defendant was brought to trial under an indictment, proper in form, charging him with burglary in the first degree. In the superior court, at the call of the calendar for

the term, the defendant entered a plea of former jeopardy and moved to dismiss. The court heard evidence offered by the defendant in support of this plea. The plea was overruled and the motion to dismiss was denied. When the case was called for trial, later in the term, the solicitor announced in open court that he would seek a verdict of nonfelonious breaking and entering only. The defendant reasserted his plea of former jeopardy and renewed his motion to dismiss. The plea and motion being again denied, the defendant entered a plea of guilty to nonfelonious breaking and entering. Thereupon, the court entered judgment imposing sentence. The defendant appealed therefrom to the Court of Appeals, his only assignment of error being the denial of his plea of former jeopardy. From the judgment of the Court of Appeals, he appealed to this Court upon the same ground.

Following the entry of judgment in the superior court and the giving of his notice of appeal, the defendant filed an affidavit of indigency. Thereupon, the same counsel who represented him in the superior court, as privately employed counsel, was appointed to represent him upon his appeal, and the cost of printing the record and his brief was ordered to be paid by the State.

The record on appeal shows that, at the hearing of his plea of former jeopardy in the superior court, the defendant introduced in evidence a warrant issued 7 December 1970 charging him with: (1) Assaulting Francis (sic) G. Foster by intentionally pointing a shotgun without legal cause; (2) assaulting the said Francis G. Foster, a female person, by striking her about the body; and (3) breaking and entering, other than burglariously, the dwelling house of the said Francis G. Foster.

The record further shows that, on 15 December 1970, the warrant was amended in the district court so as to charge first degree burglary and, on the same date, the district court found probable cause and bound the defendant over to the superior court on that charge, following a preliminary hearing. The indictment was thereafter returned by the grand jury.

The record does not show the disposition made of the charges of assault. The judgment of the superior court, imposing sentence for the nonfelonious breaking and entering, provides that the sentence so imposed shall begin at the expiration of

sentence imposed on 15 December 1970 in the district court "in cases 70-CR-5683 and 70-CR-5684," but it appears that these involved other, unrelated charges.

At the hearing of his plea of former jeopardy in the superior court, the defendant also introduced the oral testimony of Delaine Congleton, Assistant Clerk of the Superior Court, who, as part of her duties in that office, serves as clerk in the district court when that court sits for the disposition of criminal matters. She testified:

She so acted in the district court on 15 December 1970 and recalls that there were five cases against the defendant tried in the district court on that date, including the three charges specified in the above warrant. The above noted amendment to the warrant was not attached thereto at the time these matters came on for trial in the district court. The three charges contained in the above warrant were consolidated for trial in the district court and the defendant entered a plea of guilty to all of them. This plea was received by the court. Thereafter, the State introduced evidence concerning these charges, the defendant offering none. The district court thereupon pronounced judgment upon the three charges so consolidated, the judgment being that the defendant be confined for a term of five months. The defendant thereupon took a seat on the prisoner's bench. The solicitor of the district court then conferred with the witnesses and thereafter the defendant was brought "in front of the Bar," and the district judge announced he was finding probable cause as to first degree burglary. She does not remember whether the solicitor moved to amend the warrant, so as to charge first degree burglary, prior to the defendant's being brought back "to the Bar," or when the change in the judgment of the district court was made.

*Attorney General Morgan and Staff Attorney League for the State.*

*Wilkinson & Vosburgh by James R. Vosburgh for defendant.*

LAKE, Justice.

[1] The constitutional right not to be placed in jeopardy twice for the same offense, like other constitutional rights, may be waived by the defendant and such waiver is usually implied

from his action or inaction when brought to trial in the subsequent proceeding. *Harris v. United States,* 237 F. 2d 274; *Brady v. United States,* 24 F. 2d 405; 22 C.J.S., Criminal Law, § 277. In *State v. Gainey,* 265 N.C. 437, 144 S.E. 2d 249, speaking through Chief Justice Denny, this Court said: "A subsequent plea of guilty constitutes a waiver of the plea of former jeopardy. 14 Am. Jur., Criminal Law, § 280, page 958." The Supreme Court of Kansas said in *Cox v. State,* 197 Kan. 395, 416 P. 2d 741, 747, "Even if double jeopardy is raised as a defense it is abandoned by a subsequent plea of guilty." In *Berg v. United States,* 176 F. 2d 122, *cert. den.,* 338 U.S. 876, 70 S.Ct. 137, 94 L. Ed. 537, the Court of Appeals for the Ninth Circuit said, "Double jeopardy is a personal defense and is waived by plea of guilty." See also, 22 C.J.S., Criminal Law, § 277.

[2] The present defendant, through his then privately employed counsel, entered a plea of guilty to the charge of nonfelonious breaking and entering after his previously entered plea of former jeopardy was overruled. He having thereby waived his right, if any, to dismissal of the charge on the ground of former jeopardy, it is not necessary for us to determine whether the Court of Appeals was correct in holding that the evidence offered by him, in the superior court, in support of his plea of former jeopardy, was incompetent for the reason that parol testimony is not admissible to establish, explain or contradict a judgment of a court of record, *i.e.,* the district court. For the same reason it is not necessary for us to determine whether the evidence, if admissible, would be sufficient to show that by the proceeding in the superior court he was unlawfully placed in jeopardy a second time for the same offense. We, therefore, express no opinion on either of those questions.

No error.