An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-812

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

STATE OF NORTH CAROLINA

    v.

RONALD LAFLEW WOODRUFF

Rowan County
No. 12 CRS 054233

Appeal by Defendant from judgment entered 12 March 2013 by Judge W. Erwin Spainhour in Superior Court, Rowan County. Heard in the Court of Appeals 10 December 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Phyllis Tranchese, for the State.*
>
> *Peter Wood for Defendant.*

McGEE, Judge.

Ronald Laflew Woodruff ("Defendant") was charged with violating a domestic violence protective order on 8 July 2012. A jury found Defendant guilty of violating a domestic violence protective order on 12 March 2013. Defendant appeals.

Defendant argues the trial court erred in denying his motion to dismiss. Defendant contends his motion to dismiss

"should have been granted on two grounds." The first ground is based on double jeopardy, and the second involves willfulness.

## I. Double Jeopardy

### A. Preservation of the Issue for Review

Preliminarily, we must address the issue of preservation. "The procedure required in criminal trials to assert a double jeopardy defense is well established[.]" *State v. McKenzie*, 292 N.C. 170, 175, 232 S.E.2d 424, 428 (1977). If the defendant "is to take advantage of [the double jeopardy defense] on appeal, he must first properly raise it before the trial court. Failure to do so precludes reliance on the defense on appeal." *McKenzie*, 292 N.C. at 175, 232 S.E.2d at 428; *see also State v. Roope*, 130 N.C. App. 356, 362-63, 503 S.E.2d 118, 123 (1998).

"The rule that constitutional questions must be raised first in the trial court is based upon the reasoning that the trial court should, in the first instance, pass[] on the issue." *State v. Kirkwood*, ___ N.C. App. ___, ___, 747 S.E.2d 730, 737 (2013) (internal quotation marks omitted). "[D]ouble jeopardy protection may not be raised on appeal unless the defense and the facts underlying it are brought first to the attention of the trial court." *McKenzie*, 292 N.C. App. at 176, 232 S.E.2d at 428.

Defendant moved to dismiss at the close of the State's

evidence, but offered no argument in support of his motion. Defendant renewed his motion to dismiss at the close of all evidence. Defendant again offered no argument in support of his motion. Our review of the transcript reveals no explicit mention of double jeopardy.

The only possible implicit reference to double jeopardy came <u>after</u> the trial court denied Defendant's motions to dismiss. During discussions on jury instructions, the following exchange occurred:

> [Defense Attorney]: I would also point out to the Court that when this case was tried in district court, the judge found him not guilty of assault on a female.
>
> THE COURT: Well, I know, but that's not binding on this Court and she has testified that he assaulted her on that occasion, so --
>
> [Defense Attorney]: Right.
>
> THE COURT: -- that's the evidence I have to take in the light most favorable to the state at this point.

Since the transcript suggests the trial court possibly addressed and ruled upon a double jeopardy issue, albeit after the denial of Defendant's motions to dismiss, we assume *arguendo* that the issue of double jeopardy is preserved for our review.

## B. Analysis of the Merits

Defendant contends that, once the district court found

Defendant "not guilty of the underlying assault on a female, even if separately charged, no court could reconsider the assault as an element of another crime." Defendant cites *McKenzie*, *supra*, for support.

In *McKenzie*, the issue was "whether on a prosecution in superior court for involuntary manslaughter arising from an automobile accident, the [S]tate may rely on [the] defendant's driving while under the influence of intoxicants . . . when [the] defendant had been earlier acquitted of this offense in the district court." *McKenzie*, 292 N.C. at 171-72, 232 S.E.2d at 426.

The Double Jeopardy Clause entitles "defendants in state criminal proceedings to the benefit of the collateral estoppel doctrine." *Id.* at 174, 232 S.E.2d at 427 (citing *Ashe v. Swenson*, 397 U.S. 436, 25 L. Ed. 2d 469 (1970)). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *McKenzie*, 292 N.C. at 174, 232 S.E.2d at 427-28.

"[T]he acquittal of a defendant even in district court precludes the state from relitigating in a subsequent prosecution any issue *necessarily* decided in favor of the defendant in the former acquittal." *Id.* at 175, 232 S.E.2d at

428. Determining whether the issue in question was necessarily decided in favor of the defendant "may require an examination of the entire record of the earlier proceeding." *Id.*

In the present case, the magistrate's order alleges Defendant violated a valid protective order on three grounds: (1) by "assaulting the plaintiff[,]" (2) by "harassing the plaintiff by taking video of her on her property[,]" and (3) by "going to/around the plaintiff residence." Even assuming that "assaulting the plaintiff" is tantamount to the criminal offense of assault on a female, Defendant fails to show that "assaulting the plaintiff" formed the basis of his conviction for violating a domestic violence protective order. The district court judgment indicates no particular ground.

Furthermore, the district court judgment indicates only that Defendant was found guilty of violation of a domestic violence protective order. The record does not show Defendant was found not guilty of assault on a female in district court. We cannot determine whether the district court made a decision on the issue of "assaulting the plaintiff" or "assault on a female" at all.

"Defendant has the burden of demonstrating that the issue he seeks to foreclose from relitigation was actually decided in the previous proceeding." *State v. Carter*, 357 N.C. 345, 355-

56, 584 S.E.2d 792, 800 (2003) (citing *McKenzie*, 292 N.C. at 175, 232 S.E.2d at 428). As discussed above, Defendant has not shown that the issue he seeks to foreclose ("assault on a female") was actually decided in district court, or that the issue was decided again in superior court. Defendant has thus failed to show error on this basis.

## II. Willfulness

Again, we must first address the issue of preservation. Defendant argues the trial court erred in denying his motion to dismiss because there was no evidence of Defendant's willfulness. However, Defendant did not strive to preserve this argument for review. "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10 (a)(1).

In *State v. Curry*, 203 N.C. App. 375, 385, 692 S.E.2d 129, 137-38 (2010), the defendant argued at trial that the possession of a firearm by a felon charge should be dismissed because the State showed only that the defendant was charged with assault with a deadly weapon inflicting serious injury. However, on appeal, the defendant sought to argue that there was a variance

between his indictment and the evidence presented at trial. *Id.* at 385, 692 S.E.2d at 138. This Court held that the defendant waived the issue. *Id.* at 385-86, 692 S.E.2d at 138 (citing *State v. Tellez*, 200 N.C. App. 517, 521, 684 S.E.2d 733, 736 (2009)).

In the present case, the transcript shows Defendant made no argument at all in support of his motions to dismiss. We addressed Defendant's double jeopardy argument in Section I.B., because the transcript suggested that the trial court addressed a possible double jeopardy issue, albeit after the denial of Defendant's motions to dismiss. Because we assumed the double jeopardy argument was preserved in spite of the total lack of argument supporting Defendant's motions to dismiss, we decline to assume that this issue is preserved as well. It is well-established that "the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts." *Tellez*, 200 N.C. App. at 521, 684 S.E.2d at 736. In accordance with N.C.R. App. P. 10(a)(1), *Curry*, and *Tellez*, we decline to address the issue of willfulness.

No error.

Judges HUNTER, Robert C. and ELMORE concur.

Report per Rule 30(e).