## COMMONWEALTH *vs.* JOHN CLAIR.

An acquittal on a charge of embezzling cloth and other materials of which overcoats are made is no defence to an indictment for embezzling overcoats, although the same facts which were proved on the trial of the first indictment are relied upon in support of the second.

INDICTMENT for embezzling sixteen Melton cloth overcoats, the property of David M. Hodgdon.

At the trial in the superior court, before *Ames,* J., the defendant pleaded in bar a previous acquittal upon the same charge; and it was admitted, on the part of the Commonwealth, that the defendant had been duly tried and acquitted on an indictment charging him with embezzling a quantity of Melton cloth, lasting, velvet, flannel, wadding, and other materials used in making overcoats, the property of said Hodgdon, which had been delivered to the defendant to be made into overcoats; and that the present indictment was for the same crime intended to be covered by the first indictment. The principal facts which appeared in both cases were, that Hodgdon delivered the materials to the defendant as aforesaid, and that several overcoats were made up and returned, but the work proved unsatisfactory and they were redelivered for completion to the defendant, who subsequently did the acts relied upon as proof of the embezzlement.

The judge overruled the plea in bar, and the defendant alleged exceptions.

*F. W. Sawyer,* for the defendant.

*Foster,* A. G., for the Commonwealth.

BIGELOW, C. J. The obvious and decisive answer to the defendant's plea in bar of *autrefois acquit* is, that the first

indictment charges a different offence from that set out in the indictment on which the defendant is now held to answer. The principle of law is well settled that, in order to support a plea of *autrefois acquit,* the offences charged in the two indictments must be identical. The test of this identity is, to ascertain whether the defendant might have been convicted on the first indictment by proof of the facts alleged in the second. The question is not whether the same facts are offered in proof to sustain the second indictment as were given in evidence on the trial of the first, but whether the facts are so combined and charged in the two indictments as to constitute the same offence. It is not sufficient to say, in support of a plea of *autrefois acquit,* that the transaction or facts on which the two indictments are based are the same. It is necessary to go further, and to ascertain and determine whether they are so alleged in the two indictments as to constitute not only the same offence in degree or kind, but also that proof of the same facts offered to sustain the second indictment would have well supported the first. *The King* v. *Vandercomb,* 2 Leach, (4th ed.) 708. *Commonwealth* v. *Roby,* 12 Pick. 496, 500. *Commonwealth* v. *Wade,* 17 Pick. 400. The last case affords an apt illustration of the practical application of the rule. The defendant was indicted for burning a dwelling-house by setting fire to the barn of A. and B. The evidence showed that it was the barn of A. and C. This variance in the description of the offence was held to be fatal, and the defendant was acquitted. He was subsequently indicted for burning the same house by setting fire to the barn of A. and C. On a plea of *autrefois acquit,* it was held that the previous acquittal on the first indictment was no bar. The facts offered in support of the two indictments were the same, but different offences were charged in them. The averment of property in the barn was material, and, this fact being alleged differently in the two indictments, they were not for the same offence either in form or substance. So in the case at bar. The defendant was first indicted for embezzling cloth, velvet, flannel, and other materials of which overcoats were made. This indictment would not have been supported, if it appeared that, at the time when the

alleged embezzlement was committed by the defendant, these articles no longer existed separately, but had been used and converted into garments properly called and known as overcoats. There would have been in such case a material variance in the description of the articles embezzled; the evidence would not have corresponded with the allegation in the indictment of embezzling cloth and other materials, and the defendant would have been rightly acquitted on that ground. It is common learning that in indictments for larceny, embezzlement and kindred offences, the description of the property which forms the subject of the offence must be proved as laid. A person indicted for stealing shoes cannot be convicted by proof that he had stolen boots; nor is an indictment for stealing a sheep, which by legal implication avers that the animal was alive when stolen, supported by evidence that it was in fact dead when feloniously taken. If an article has obtained in common parlance a particular name, it is erroneous to describe it by the name of the material of which it is composed. Archb. Crim. Pl. (5th Amer. ed.) 48. Roscoe's Crim. Ev. (5th ed.) 203. *Rex* v. *Edwards*, Russ. & Ry. 497. *Rex* v. *Halloway*, 1 C. & P. 128. *Regina* v. *Mansfield*, Car. & M. 140.

In the second indictment the defendant is charged with embezzling overcoats. This is a different offence from that charged in the first indictment. Nor would the evidence which would be sufficient to support it have warranted a conviction on the charge of embezzling the materials of which the coats were made. He has therefore been acquitted of a different offence from that now charged against him. Such acquittal is no bar to the present indictment. *Exceptions overruled.*