73 A.2d 790 (1950)
STATE
v.
NORRIS et al.
Court of General Sessions of Delaware, New Castle.
April 21, 1950.
*791 C. Edward Duffy, Chief Deputy Attorney General, for the State.
Elwood F. Melson, Jr., Robert C. O'Hora and William E. Taylor, Jr., all of Wilmington, for the defendants.
WOLCOTT, Judge.
The defendants are charged jointly on three indictments for robbery and one indictment for larceny. At the January term, the defendants were indicted on the same charges, and a motion to quash each indictment was filed on their behalf. These motions were denied in part and granted in part in State v. Norris, et al., Del., 71 A.2d 755. The prior indictments having been quashed as to one of the defendants on the ground of misnomer, the State reindicted the defendants at the March term.
To each of the present indictments, the defendants filed a special plea in bar which sets out that at the January term, 1950, each of the defendants was indicted separately and convicted of the crime of escape from the New Castle County Workhouse. The prior convictions of escape are now sought to be established as a bar to the prosecutions of the robberies and larceny. The State has moved to dismiss the special pleas in bar.
The present indictments charge that the defendants joined together for the purpose of committing an unlawful act, to-wit, the act of escape from a prison to which they had been lawfully committed, and that while engaged in the performance of that unlawful act, the robberies and the larceny were committed. The State's theory of the indictments is that, since the robberies and larceny were committed in furtherance of and in aid to the originally contemplated unlawful act, all of the defendants are equally guilty as principals. The theory of the State was upheld in the disposal of the motions to quash the prior indictments at the January term.
The argument made on behalf of the defendants in support of their pleas of *792 double jeopardy is that, under the pending indictments, the crime of escape is an indispensable element of the crimes of robbery and larceny. It is argued that, since each of the defendants has been convicted of the crime of escape, an indispensable element of the particular robberies and larceny charged in the indictments, they have been placed in jeopardy once before for the offenses with which they are charged in the pending indictments.
The prohibition against putting a person twice in jeopardy is found in Article I, Section 8 of the Constitution of Delaware which provides in part that "no person shall be for the same offense twice put in jeopardy of life or limb, * * *."
At common law, the plea of double jeopardy was designed to prevent an offender from twice being tried upon the same indictment, and became applicable only when the same evidence was required to prove the first and second indictments. Rex v. Vandercomb & Abbott, 2 Leach 708, 168 Eng. Reprint 455. This common law rule was made the subject of specific provisions in most of the constitutions of the states of this country, and in applying the constitutional guarantee the courts initially applied the strict common law rule which required that the same evidence be essential to support both the first and second indictments. Commonwealth v. Clair, 7 Allen 525, 89 Mass. 525; Wilson v. State, 24 Conn. 57; and see 57 Yale Law Journal 132.
In course of time, however, the common law rule was modified to the extent of permitting the plea of double jeopardy to a second indictment when the offense charged in the second indictment is a necessary element of the prior indictment. 15 Am. Jur.Criminal Law, § 385.
This modification of the strict common law doctrine is the rule in Delaware as the result of two decisions of our courts. In State v. Townsend, 2 Har. 543, the defendants had been formerly indicted and convicted for a riot and were subsequently indicted for disturbing a religious meeting. The two indictments arose out of the same act, the riot having occurred in the meeting house in question and during worship. The plea of autrefois convict was allowed and the defendants were discharged from the second indictment. In the course of its opinion, the court stated that the plea was valid if the second crime was the same in fact for which the defendants were before convicted, or was necessarily included in the former crime for which they had been convicted.
In State v. Day, 5 Pennewill 101, 58 A. 946, the defendant was indicted for pointing a pistol, and filed a plea in bar setting forth a conviction before a Justice of the Peace for assault and battery. The court charged the jury that if the pointing of the pistol was necessarily included in the assault of which the defendant had formerly been convicted, then the plea was good and the defendant should be acquitted.
The defendants in the cases at bar argue that the modification of the strict common law rule is applicable even though the first indictment is for a lesser offense than the second indictment provided the second indictment is for an offense which necessarily includes as an indispensable element the first and lesser offense. There is substantial authority to support this argument. Many of the cases are collected in a footnote to 15 Am.Jur.Criminal Law, § 386. However, for reasons which will appear hereafter, it is not necessary for me to decide this question.
The plea of double jeopardy will not bar subsequent prosecution unless the two indictments are for the same offense, or for offenses one of which is an indispensable element of the other. It is to be noted that the prohibition is not against multiple prosecution of the same criminal act, which in itself might constitute two or more separate offenses, but is solely against multiple prosecution of the same offense arising out of the criminal act. The pleas in the cases at bar, therefore, could be effective bars to the present prosecutions only if the offense of escape, of which the defendants have been convicted, is an indispensable element of the offenses of robbery and larceny. Morey v. Commonwealth, 108 Mass. 433; Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L. Ed. 236; Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489.
*793 The indispensable elements of the offense of robbery are the taking of property the subject of larceny by violence or by putting in fear from the person or in the presence of another. The indispensable elements of the offense of larceny are the taking and carrying away of personal property from the possession of another with the intent to deprive him of the property. The indispensable elements of the offense of escape are lawful commitment to a prison and the unlawful breaking out of that prison. The mere statement of the elements of the offenses demonstrates that they are not related.
The defendants argue that, since at least some of these defendants did not commit the actual acts of robbery and larceny, it is necessary, under the holding in State v. Norris, supra, for the State to prove the unlawful joining together of these defendants to commit the escape and the perpetration of the robbery and larceny by some of them in furtherance of the escape. This, of course, is obviously so since those defendants who took no actual part in the robberies and larceny can be guilty of the crimes charged only because of a rule of law which makes them responsible equally with their accomplices in the commission of crimes in furtherance of their joint unlawful enterprise. The defendants argue that this rule makes the offense of escape a necessary element of these particular robberies and larceny and, accordingly, a bar to their prosecution because of the prior conviction of escape.
The unlawful combination of the defendants to escape is not an essential element of the offenses of robbery and of larceny. The unlawful combination to escape relates only to the degree of guilt of the defendants and is not an essential element of the offenses of which they stand accused of such character that a conviction or acquittal in a prior trial for that element will bar a subsequent prosecution for the larger crime. The situation is entirely different from that which might have arisen had a prior conviction of assault been had against these defendants, that assault being the violence by means of which the robberies in question were perpetrated.
The defendants urge that the prosecuting authority should not be permitted to try defendants in seriatim. The argument would have merit if the prosecuting authority was seeking to try the defendants piecemeal for the component elements of a single offense, but this is not the case. The indictment and prosecution of persons for separate offenses growing out of the same acts and circumstances are matters for the Grand Jury and the Attorney General. It is not the province of the Court to weigh the nice questions of justice and propriety involved in the presentation of indictments and the prosecution of criminals.
The State's motions to dismiss the pleas of double jeopardy to the pending indictments are granted.