STATE of Delaware

v.

**Francis Joseph SHEERAN.**

Superior Court of Delaware,
New Castle County.

Submitted Sept. 10, 1981.

Decided Dec. 31, 1981.

Duane D. Werb, Deputy Atty. Gen., Wilmington, for the State.

Thomas L. Little, Wilmington, for defendant.

TAYLOR, Judge.

This indictment charges defendant Francis J. Sheeran [Sheeran] with two felony counts of criminal solicitation in violation of 11 Delaware Code § 502. Defendant has moved for dismissal of the indictment on the following grounds:

(1) That prosecution is barred by double jeopardy and by 11 Delaware Code § 209, and

(2) That defendant's right to a speedy trial has been violated.

## I

Defendant's contention that this prosecution is barred by double jeopardy and by 11 *Del.C.* § 209 relate to defendant's acquittal of charges brought against him in the United States District Court for the Eastern District of Pennsylvania * [Federal prosecution] and which resulted in a verdict of acquittal after trial prior to the filing of the indictment in this Court. The Federal indictment charged defendant and Louis J. Bottone with three counts of violations of Title 18 United States Code §§ 1961, 1962(c) and 1962(d), violation of Title 18 United States Code §§ 1952(a)(3) and violation of Title 18 United States Code § 2.

The substance of the indictment in the Federal prosecution identified above is described in considerable detail in an Opinion by Chief Judge Latchum in *United States v. Boffa*, D.Del., 513 F.Supp. 444 (1980) as follows:

The 1979 Indictment charged Sheeran and Louis J. Bottone with conspiracy to violate Section 1962(c) of Title 18 of the United States Code by participating in an 'enterprise' affecting interstate commerce through a pattern of racketeering activity. The alleged enterprise consisted of 'a group of individuals associated in fact for the purpose of enhancing, protecting, and perpetuating their individual and collective positions in the organized labor and organized criminal communities within which they associated by acts including murder, attempted murder, arson, and union embezzlement'. In addition to Sheeran and Bottone, the indictment named 14 other individuals associated with the enterprise, none of whom are defendants in the present prosecution. It alleged that the defendants conspired to and did conduct and participate in the affairs of the enterprise as follows:

a. Defendant FRANCIS J. SHEERAN would and did obtain the approval, e.g., 'cleared,' certain acts or affairs with Russell Bufalino prior to their being performed by members of the enterprise;

b. Russell Bufalino would and did take steps to protect defendant FRANCIS J. SHEERAN and other associates and employees of the enterprise;

c. Defendant FRANCIS J. SHEERAN would and did take steps to protect Charles Allen and other employees and associates of the enterprise;

d. Employees and associates of the enterprise would and did take steps to protect each other;

e. Charles Allen would and did carry out the orders of defendant FRANCIS J. SHEERAN;

f. Defendant FRANCIS J. SHEERAN would and did arrange to pay Charles Allen money for killing persons;

g. Defendant FRANCIS J. SHEERAN would and did arrange to pay Charles Allen money for commiting arson;

h. Defendant LOUIS J. BOTTONE would and did arrange to pay Charles Allen money for killing a person;

i. Defendant LOUIS J. BOTTONE would and did attempt to secure the services of Charles Allen as a bodyguard and to intimidate union dissidents;

j. Defendant FRANCIS J. SHEERAN would and did issue checks drawn on the account of General Teamster Local 326 in the Bank of Delaware to Charles Allen as compensation to him for participating in the conduct of the affairs of the enterprise. (D.I. 56, 1979 Indictment at p. 4.)

The predicate crimes, allegedly comprising a pattern of racketeering under Section 1961(5) of Title 18 of the United States Code, were:

1.) The murder of John Gawronski on or about October 25, 1973, in violation of Sections 271(2)(a) and (6) and 636(a)(1) of Title 11 of the Delaware Code;

2.) The attempted murder of Leon Smallwood on or about October 25, 1973, in violation of Sections 271(2)(a) and (6), 531(2) and 636(a)(1) of Title 11 of the Delaware Code;

3.) The attempted murder of Robert W. Milligan on or about October 25, 1973,

* Criminal Action No. 79–209–1.

in violation of Sections 271(2)(a) and (6), 531(2) and 636(a)(1) of Title 11 of the Delaware Code;

4.) The attempted murder of George Fox in or about December of 1973 or January of 1974, in violation of New York Penal Law, Sections 20.00, 110.00 and 125.25(1);

5.) The travel and causing of travel from Pennsylvania to Delaware on or about December 28, 1975, of individuals with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity (arson) in violation of Sections 1952(a)(3) and (2) of Title 18 of the United States Code;

6.) The murder of Francis Marino on or about February 3, 1976, in violation of Sections 306(a) and (b)(3) and 2502(a) of the Pennsylvania Consolidated Statutes;

7.) The attempted murder of William Mario Brown from on or about December, 1975 up to and including February 3, 1976, in violation of Sections 2A:85–5, 2A:85–7, 2A:113–1, and 2A:113–2 of the New Jersey Statutes Annotated;

8.) The intentional setting fire to and causing an explosion with the intent of destroying a building, causing substantial destruction to a building, in violation of Sections 306(a) and (b)(3), and 3301(b) of Pennsylvania Consolidated Statutes;

9.) The embezzlement of the funds of a labor organization in violation of Section 501(c) of Title 29 of the United States Code. (Id. at pp. 4–13.)

Turning to the indictment in this case, Count I charges criminal solicitation in that:

FRANCIS JOSEPH SHEERAN, on or about November 19, 1978, in the County of New Castle, State of Delaware, when intending to facilitate the Felony of Arson Second Degree, did request Charles Allen to engage in conduct constituting said Felony by intentionally damaging a building of HIAB Cranes and Loaders, Inc., by causing an explosion there.

Count II charges criminal solicitation in that:

FRANCIS JOSEPH SHEERAN, on or about November 29, 1978, in the County of New Castle, State of Delaware, when intending that Charles Allen engage in conduct constituting the Felony of Assault Second Degree, did request Charles Allen to engage in conduct constituting said Felony by intentionally striking Donald S. Emenheiser, an official of HIAB Cranes and Loaders, Inc., with a dangerous instrument, a bat, thereby causing Donald S. Emenheiser to suffer physical injury.

The Federal indictment in describing the "manner and means of the conspiracy" alleges in paragraph 7. f. iv. that defendant Sheeran "would and did order Charles Allen to blow up and cause an explosion at HIAB Crane and Loaders, Inc., Newark, Delaware;" and in paragraph 7. f. vii. alleges that defendant Sheeran "would and did order Charles Allen to physically assault and beat up an official of HIAB Cranes and Loaders, Inc., Newark, Delaware".

## A.

■ Turning to the issue of double jeopardy under the applicable standards under the United States Constitution, the decisions of the United States Supreme Court have consistently recognized the principle that each jurisdiction may prosecute and punish violations of the law of that jurisdiction. *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), rehearing denied, 360 U.S. 907, 79 S.Ct. 1283, 3 L.Ed.2d 1258 (1959); *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *United States v. Lanza*, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922). If the conduct of a person constitutes a violation of the laws of more than one jurisdiction, each jurisdiction may successively prosecute the violation. Ibid. This principle has been held to apply where one jurisdiction is a State and the other jurisdiction is the United States. Ibid; *Turley v. Wyrick*, 554 F.2d 840 (8th Cir.), cert. den. 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1980); *United States v. Johnson*, 516 F.2d

209, 212 (8th Cir.), cert. den. 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975); *Martin v. Rose*, 481 F.2d 658 (6th Cir.), cert. den. 414 U.S. 876, 94 S.Ct. 86, 38 L.Ed.2d 121 (1973); *United States v. Jackson*, 470 F.2d 684, 689 (5th Cir.), cert. den. 412 U.S. 951, 93 S.Ct. 3019, 37 L.Ed.2d 1004 (1972); *United States v. Crosson*, 462 F.2d 96 (9th Cir.), cert. den. 409 U.S. 1064, 93 S.Ct. 569, 34 L.Ed.2d 517 (1972); *State v. Hamilton*, Del.Super., 318 A.2d 624 (1974). Accordingly, under the decisional law which applies the double jeopardy standard of the United States Constitution, this prosecution is not barred because of defendant's acquittal in the Federal prosecution.

*Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), cited by defendant involved successive prosecutions by the same State and is not pertinent to the issues under consideration here except insofar as it holds that a State is bound by the double jeopardy restraint of the Fifth Amendment to the United States Constitution through the Fourteenth Amendment.

Cases cited by defendant do not assist his position. *Harris v. Washington*, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971) and *Turner v. Arkansas*, 407 U.S. 366, 92 S.Ct. 2096, 32 L.Ed.2d 798 (1972) both involved successive prosecutions in the same court; the only real issue in each prosecution was whether defendant was the person who had committed the crime; and defendant was acquitted in the first prosecution. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) and *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) held that double jeopardy bars a subsequent prosecution in the same court for a lesser included charge after acquittal of a more serious charge. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969) applied double jeopardy principles to sentencing after a second trial following reversal of a prior conviction for the same offense. This defendant has not been subjected to successive prosecutions in this State nor is the offense for which defendant is being prosecuted here a lesser included offense for which he could have been prosecuted by the Federal government at the time of or as an alternative to the Federal prosecution.

**B.**

■ Defendant's next contention is that this prosecution violates the double jeopardy provision of Article I, Section 8 of the Delaware Constitution, which provides:

No person shall be for the same offense twice put in jeopardy of life or limb.

Historically, the protective restraint provided by the Delaware decisions which have applied this provision focused on the identity of the offense charged in the successive prosecutions. *State v. Norris*, Del.Gen. Sess., 73 A.2d 790 (1950); *State v. Simmons*, Del.Super., 99 A.2d 401 (1953). The Supreme Court elaborated on this applicable consideration in *State v. Turner*, Del.Super., 168 A.2d 539 (1961) as follows:

The word 'offense' is not synonymous with 'act' or 'transaction'. The same act may constitute two offenses if it is a violation of two distinct statutory provisions. To determine whether there are two offenses the test applied is whether each provision requires proof of an additional fact which the other does not. *Blockburger v. United States*, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, *Gore v. United States*, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405; *People v. Flaherty*, 396 Ill. 304, 71 N.E.2d 779; *Pereira v. United States*, 5 Cir., 202 F.2d 830.

*State v. Heitter*, Del.Supr., 203 A.2d 69 (1964) departed from the traditional test of *Norris* and *Simmons* and stated that:

The applicable test is whether or not the evidence in support of the original charge is absolutely essential to support a conviction of the second charge. [p. 72].

However, in applying that language, the Delaware Supreme Court in *Heitter* held that while prosecution of defendant in the Municipal Court for reckless driving which resulted in the automobile accident which ultimately resulted in death barred subsequent prosecution for manslaughter by motor vehicle based on reckless driving, it did not bar prosecution for manslaughter based

on excessive and unsafe speed (being motor vehicle violations for which defendant had not been tried). The Court's reasoning was that since reckless driving required a quantum of evidence that was not required for a charge of excessive and unsafe speed, prior prosecution for the former charge did not place defendant in jeopardy barring the subsequent independent charge. *Heitter* applied the test which had been used in *State v. Schwartz*, Del.Gen.Sess., 166 A. 666 (1932), namely, that double jeopardy does not bar subsequent prosecution "if the crimes charged in the former and present prosecution are so distinct that evidence of the one will not support the other". In *Vincent v. State*, Del.Supr., 256 A.2d 268 (1969) the Delaware Supreme Court reasserted its position that the prohibition of double jeopardy is not against multiple prosecution of the same criminal act where such act may constitute two or more separate criminal offenses, but it is solely against multiple prosecution of the same criminal offense. This is determined from a comparison of the evidence required to prove the elements of the respective offenses, *State v. Hamilton*, supra.

In substance the two acts charged in the Delaware indictment are two of the many acts charged in the Federal indictment as being a part of the conspiracy. The heart of Count I of the Federal indictment is the charge of conspiracy "to violate Title 18, United States Code, Section 1962(c), to wit, to knowingly conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise engaged in and the activities of which affected interstate commerce, through a pattern of racketeering activity". Count I further charged that "defendants were employed by and associ-

ated with an enterprise, as defined by Title 18, United States Code, Section 1961(4), to wit: a group of individuals associated in fact for the purposes of enhancing, protecting, and perpetuating their individual and collective positions in the organized labor and organized criminal communities within which they associated by acts including murder, attempted murder, arson and union embezzlement". Count II charged similar violations but did not mention the subject matter covered by the Delaware indictment. Count III charged that defendant Sheeran and Charles Allen travelled in interstate commerce to Delaware intending to promote, establish and carry on an unlawful activity, being arson in violation of 11 Delaware Code § 801, being in violation of Title 18, United States Code § 1952(a)(3) and 2.

From the analysis of the Federal indictment and of the present indictment, it is clear that the Federal offenses charged involved a number of elements which were essential to the Federal prosecution which are not required in connection with this prosecution. Applying the tests enunciated by the Delaware Supreme Court, I conclude that under Delaware precedent, this prosecution is not barred by virtue of defendant's acquittal in the Federal prosecution.

### C.

Defendant also contends that this case is barred by 11 *Del.C.* § 209(1)[1] which provides a test to be applied when conduct constitutes an offense within the concurrent jurisdiction of this State and of the United States. In such case subsequent prosecution in the other jurisdiction based on the same conduct is barred if defendant was acquitted in the first prosecution unless certain exclusionary grounds (not present here) exist.

---

1. § 209. Former prosecution in another jurisdiction; when a bar.

When conduct constitutes an offense within the concurrent jurisdiction of this State and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this State under the following circumstances:

(1) The first prosecution resulted in an acquittal which has not subsequently been set aside or in a conviction as defined in § 207 of

this title and a subsequent prosecution is based on the same conduct, unless:

a. The offense for which the defendant is subsequently prosecuted requires proof of a fact not required by the former offense and the law defining each of the offenses is intended to prevent a substantially different harm or evil; or

b. The second offense was not consummated when the former trial began; ...

The heart of the consideration here is whether the Federal prosecution was based on the same conduct as that which is involved here. The conduct which is involved in these charges was specified in the Federal prosecution. However, as I have described above, the Federal prosecution, involved many charges of improper and illegal conduct which were alleged to be the result of a conspiracy constituting a pattern of racketeering activity affecting interstate commerce by persons associated with an enterprise for the purposes of enhancing, protecting and perpetuating their positions in organized labor and organized criminal activities. Proof of the matters charged in the Federal indictment required a showing of many facts and much conduct of which the conduct alleged in this case was only a small part. Thus, even if the conduct which is necessary to this prosecution were proved, there could be no conviction under the Federal prosecution unless conduct required under the Federal prosecution but not required in this prosecution were proved.

■ In *State v. Esham*, Del.Super., 321 A.2d 512 (1974), this Court held that the words "same conduct" as used in 11 *Del.C.*

§ 208, which is one of a series of sections dealing with a situation where former jeopardy is a consideration, means identical conduct. 11 *Del.C.* § 209 uses the words "the conduct" and "same conduct". I conclude that these words as used in § 209 are used interchangeably and that they refer to a particular event or activity and that the conduct constituting that event must be that which is relied on as constituting an offense in both the former prosecution and the present prosecution.

■ It will be noted that under the Delaware Criminal Code not every former prosecution bars subsequent prosecution. Under § 208[2] a subsequent prosecution for a different offense is barred only if the former prosecution was in a court which had jurisdiction over the subject matter of the subsequent prosecution. *State v. Hamilton*, supra.[3] § 207,[4] when read with § 210,[5] bars subsequent prosecution for the same offense based on the same facts only if the former prosecution was in a court which had jurisdiction over that offense. Thus, under each section the bar is available only with respect to prosecutions in this State if the Court in which the former prosecution occurred had jurisdiction over the offense charged in the subsequent prosecution.

2. § 208. When prosecution is barred by former prosecution for different offense.

Although a prosecution is for a violation of a different statutory provision or is based on different facts, it is barred by a former prosecution in a court having jurisdiction over the subject matter of the second prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal which has not subsequently been set aside or in a conviction as defined in § 207 of this title and the subsequent prosecution is for:

a. Any offense of which the defendant could have been convicted on the first prosecution; or

b. The same conduct, unless:

1. The offense for which the defendant is subsequently prosecuted requires proof of a fact not required by the former offense and the law defining each of the offenses is intended to prevent a substantially different harm or evil, or

2. The second offense was not consummated when the former trial began.

3. See Commentary on § 208.

4. § 207. When the prosecution is barred by former prosecution for the same offense.

When a prosecution is for a violation of the same statutory provisions and is based upon the same facts as a former prosecution, it is barred by the former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal which has not subsequently been set aside. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination by the court that there was insufficient evidence to warrant a conviction. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

5. § 210. Former prosecution before court lacking jurisdiction or when fraudulently procured by defendant.

A prosecution is not a bar within the meaning of §§ 207, 208 and 209 of this title under any of the following circumstances:

(1) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense; ...

11 *Del.C.* § 209 is the remaining section dealing with former jeopardy. While the terminology which it uses differs somewhat from that used in the sections discussed above, it appears that it was intended to produce a result which is in harmony with those sections.[6] § 209 refers to "an offense within the concurrent jurisdiction of this State and of the United States". Since that phrase is not defined in the Criminal Code, §§ 207 and 208 provide an analogy. It appears that the objective of these sections in providing protection based on former jeopardy is to assure that one who has been exposed to a prosecution which resulted in an acquittal on its merits shall not again be exposed to prosecution for a charge which was asserted or could have been asserted in the former prosecution. Therefore, applying this standard in order for an offense to be within the concurrent jurisdiction of this State and of the United States the Federal Court in which the Federal prosecution occurred must have had jurisdiction over the offenses which are charged in this case.

Stated another way, a requisite of § 209 is that the conduct must constitute an offense in each jurisdiction. Clearly, the conduct charged in this case could not, without more, provide all of the requisites for the Federal prosecution. Could the conduct which is the subject of these charges have been prosecuted in the Federal Court without additional elements or facts? It appears that it could not. Accordingly, this case does not involve conduct constituting an offense within the concurrent jurisdiction of this State and of the United States and is not barred by 11 *Del.C.* § 209(1).

In view of the conclusion reached herein based on the analysis of the related sections of the Delaware Criminal Code, a review of cases from other jurisdictions involving different statutory provisions would not be of assistance here.

**6.** See Commentary on § 209.

### D.

Defendant also contends that this prosecution should be barred under the principle of collateral estoppel. That concept was defined by the United States Supreme Court in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) as follows:

'Collateral Estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future law suit. Although, first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court's decision, more than fifty years ago in *United States v. Oppenheimer*, 242 U.S. 85 [37 S.Ct. 68, 61 L.Ed. 161] (1916). Id. at 443, 90 S.Ct. at 1194.

In determining whether a prosecution is affected by collateral estoppel, the Court must examine the first proceeding to determine whether a jury in the first case might rationally have based its verdict upon an issue other than that which the defendant seeks to foreclose from consideration in the second case. Ibid; *United States v. Pappas*, 445 F.2d 1194 (3 Cir.) (1971).

The Attorney General contends that collateral estoppel cannot apply in this case because the parties are not the same in the former prosecution as in this case, citing *Turley v. Wyrick*, supra; *United States v. Johnson*, supra; *Ferina v. U.S.*, 340 F.2d 837 (8 Cir.), cert. den. 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284 (1965). It is not necessary to discuss this contention in view of 11 *Delaware Code* § 209(2) which is discussed hereafter.

The principle of collateral estoppel was embodied in §§ 208 and 209 of the Delaware Criminal Code, Title 11, Delaware Code, Part I. Subsection (2) of each of those sections contains substantially the same language,[7] and each is intended to

**7.** § 208. When prosecution is barred by former prosecution for different offense.

have the same effect.[8] The Commentary following § 208 states that Subsection (2) gives "collateral estoppel effect to a former prosecution resulting in acquittal or final order or judgment for the defendant which required a determination inconsistent with a fact which must be established for conviction of the second offense". Following the above quotation, the Commentary states the following example of how the provision would apply:

[W]e may take the case of an injury caused by allegedly reckless driving by D. Suppose that D is first charged with reckless driving, and the case results in an explicit determination that, under all the circumstances, D was not reckless. If he is later charged with manslaughter, which requires proof of recklessness, [citing State v. Heitter, supra] he would be entitled to an acquittal. He would not, however, be able to avoid a trial for criminally negligent homicide, which requires proof of a lesser degree of culpability.

█ Defendant contends that the doctrine of collateral estoppel prevents evidence which was used in one prosecution from being used in a subsequent prosecution. This contention is overbroad in that it overlooks an essential element for collateral estoppel to apply, namely, that in order for the jury to acquit in the first prosecution the jury must have found that a matter which is essential in this prosecution had not been established beyond a reasonable doubt in the prior prosecution.

The process for determining the application of the collateral estoppel principle was described in Ashe v. Swenson, supra, as follows:

The Court further continues that:

> * * * * * *
> (2) The former prosecution was terminated by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.
> § 209. Former prosecution in another jurisdiction; when at bar.
> * * * * * *

Where a previous judgment of acquittal was based on a general verdict, as it is usually the case, this approach requires a court to 'examine the record of the prior proceeding taking into account the pleadings, evidence, charge and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration . . ."

█ It has been noted above that the Federal prosecution contained many alleged overt acts in addition to the two which are the subject of this indictment and that there are substantial requirements under the Federal statutes which the Federal indictment charged defendant to have violated which had to have been proved by evidence in order to warrant a conviction in the Federal prosecution and that the failure of any one of those matters to have been established beyond a reasonable doubt could have resulted in an acquittal irrespective of the sufficiency, of the proof with respect to the matters charged in this indictment. From a reading of the Federal indictment, it could be surmised that the matters charged in this indictment were not dominant matters in the issue before the jury in that prosecution. However, the Court is not in a position to determine whether the jury necessarily was required to make a determination that the matters which are charged in this case were without substance in order to acquit defendant of the charges in the Federal indictment, since the failure to establish facts supporting the other requisites for conviction under the Federal statutes would have led to an acquittal even

> (2) The former prosecution was terminated, after the information was filed or the indictment found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the offense for which the defendant is subsequently prosecuted; . . .

8. Commentary following § 209.

though the facts relevant to the matters charged in this case were established beyond a reasonable doubt. In applying the principle of collateral estoppel, it is necessary to examine in depth the issues which were considered in the prior prosecution including the pleadings, defenses, evidence and jury charge. 75 *Yale Law Journal* 263, 285; 74 *Harvard Law Review* 1, 38; 28 *University of Chicago Law Review* 591, 608. The Court has not been supplied with information concerning the prior prosecution which would show that this prosecution is barred by collateral estoppel.

### E.

■ Defendant contends that the driving force behind this prosecution is the FBI and that the Delaware Attorney General was merely acting as an alter ego for the FBI in pursuing this Delaware prosecution and that the Attorney General is pursuing this as a surrogate prosecutor for the Federal authorities.

Defendant cites the language found in certain dissenting opinions in support of the proposition that the participation of the Federal authorities in a State prosecution may invoke double jeopardy considerations where there had been a prior Federal prosecution. Thus, Justice Black in a dissenting opinion joined in by Chief Justice Warren and Justice Douglas in *Abbate v. United States,* supra, stated:

> I am not convinced that the state and the nation can be considered two wholly separate sovereignties for the purpose of allowing them to do together what, generally, neither can do separately. [at p. 203 of 359 U.S., at p. 675 of 79 S.Ct.]

Language having a similar effect was used by Justice Brennan in a dissent joined in by Chief Justice Warren and Justice Douglas in *Bartkus v. Illinois,* supra, at p. 165 of 359 U.S., at p. 703 of 79 S.Ct. The issue raised by the dissent in *Bartkus* was addressed in the majority opinion of the Court where it was stated that the mere fact that an agent of the FBI who conducted the investigation on behalf of the Federal government turned over evidence to the State prosecuting officials did not support a claim that the State was merely a tool of the Federal authorities where the prosecution was undertaken by State officials in the exercise of their discretionary responsibility to enforce the criminal laws of the State.

I do not find that the material presented here entitles defendant to a different result from that announced by the majority in *Bartkus.*

### F.

Based on the material presented, the motion to dismiss on the grounds of double or former jeopardy, collateral estoppel and 11 *Del.C.* § 209 must be denied.

### II

Defendant's second ground for dismissal of the complaint is that he has been denied speedy trial. Defendant's contention is that the speedy trial test should apply to the period commencing in September 1979 when defendant was indicted in the Federal proceeding and that defendant was an accused insofar as these charges were concerned from that time even though he was not indicted in this State until December 1980. Additionally, defendant points out that the initial Delaware indictment in December 1980 was followed by a second indictment in late December 1980 and in turn was followed by a third indictment in February 1981 and that it is the charges of the third indictment which are involved here and that each of the prior Delaware indictments was defective.

Throughout this case defendant has been free on bail. Therefore, this factor which is a significant factor in many speedy trial decisions is not present in this instance.

The right of an accused to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments. *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *Johnson v. State,* Del.Supr., 305 A.2d 622 (1973). Superior Court Criminal Rule 48(b) enjoins "unnecessary delay". *State v. Korotki,* Del.Super., 418 A.2d 1008 (1980).

Defendant argues that he has suffered delay of over two years during which the Federal prosecutors had information on which to indict.

In *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) the United States Supreme Court held that the protection of the speedy trial provision of the Sixth Amendment commences upon either a formal indictment or actual restraints imposed by arrest on a criminal charge. *Marion* also held that the speedy trial protection afforded by Rule 48(b) of the *Federal Rules of Criminal Procedure*[9] "is limited to post-arrest situations". *Marion* declined to extend this protection to the period prior to arrest.

█ The Federal decisions do not address the question of whether the speedy trial considerations should look to prior prosecution in another jurisdiction. Since prosecution in more than one jurisdiction is recognized as constitutionally valid[10] the speedy trial protection should be adjudged with insularity as to the prosecution in each jurisdiction, and its compliance with speedy trial be determined according to the history of that prosecution. Therefore, the existence of the prior Federal prosecution should not determine whether this case has violated speedy trial principles. I conclude that speedy trial requirements here commenced with defendant's indictment or arrest on the first Delaware indictment.

There has been no showing that the Delaware charges have been delayed in order to gain tactical advantage. Cf. *State v. Preston*, Del.Supr., 338 A.2d 562 (1975). Nor does the fact that the Federal authorities had information that defendant committed an offense which was chargeable under Delaware law invoke the speedy trial protection prior to the first Delaware indictment. *United States v. Marion*, supra.

Defendant also contends that the State is merely prosecuting these charges on behalf of the Federal government and, therefore, speedy trial concepts should be applied as though the State was aware of the events when tape recordings of the events were made by the Federal government in November 1978. The subject of the identity of the State and Federal prosecutions has been discussed above in another context and the conclusion reached above that the record does not establish that this prosecution should be viewed as tainted by the prior Federal prosecution is the answer to this contention.

█ Applying the above conclusions, the length of delay of the Delaware prosecution began with the first Delaware indictment on December 9, 1980 (which preceded defendant's arrest) and continued until March 18, 1981 when defendant filed the present motions—a period of 3½ months.

Factors which bear consideration in determining whether the speedy trial protection has been violated are length of delay, reason for the delay, defendant's assertion of right and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Johnson v. State*, supra. This is characterized as "a balancing test, in which the conduct of both the prosecution and defendant are weighed." Ibid.

Applying the *Barker* tests, the length of the delay is 3½ months and the reason for 3 months of the delay was that the Attorney General procured new indictments correcting defects or inadequacies in the earlier indictments. It does not appear that during the period prior to the present motion defendant requested speedy trial and there has been no showing of prejudice resulting to defendant as a result of the delay. From this analysis, defendant's right to speedy trial has not been violated and therefore the motion on the ground of speedy trial must be denied.

### III

Based on the foregoing considerations, defendant's motion to dismiss on the ground that the prosecution is barred by double jeopardy and by 11 *Del.C.* § 209 is denied; defendant's motion to dismiss on the ground that defendant has not been afforded a speedy trial is denied.

IT IS SO ORDERED.

9. The Delaware Criminal Rule 48(b) and Federal Criminal Rule 48(b) are identical.

10. See discussion in IA above.