IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SYE C. NEWTON, | § | No. 101, 2015 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 0507002947 |
| | § | 0601016797 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 23, 2015
Decided: July 15, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## O R D E R

This 15th day of July 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Sye C. Newton ("Newton"), filed this appeal from the Superior Court's denial of his motion for postconviction relief under Superior Court Criminal Rule 61. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Newton's opening brief that the appeal is without merit. We agree and affirm.

(2) In 2005, Newton and a codefendant, Shaun Jordan ("Jordan"), were jointly indicted on charges of Assault in the First Degree, Possession of a Deadly

Weapon During the Commission of a Felony ("PDWDCF") and Conspiracy in the Second Degree (hereinafter "the Assault case").[1] In 2006, Newton and Jordan pled guilty to the lesser-included offense of Assault in the Second Degree, and in exchange the State dropped the PDWDCF and conspiracy charges. Jordan pled guilty in April 2006 and was sentenced. Newton pled guilty in October 2006.

(3) Newton's sentencing in the Assault case was deferred until the disposition of charges pending from a 2006 robbery case ("the Robbery case"). On February 27, 2007, Newton pled guilty in the Robbery case and was immediately sentenced in that case and in the Assault case (collectively "the Assault and Robbery cases").

(4) In January 2014, Newton filed a joint motion for postconviction relief in the Assault and Robbery cases.[2] Newton challenged the validity of his guilty pleas and alleged related claims of ineffective assistance of counsel and prosecutorial misconduct. By order dated February 3, 2015, after considering the parties' submissions and the affidavits filed by Newton's defense counsel, the Superior Court denied the motion. This appeal followed.

---

[1] The Court takes judicial notice of the Superior Court docket in *State v. Jordan*, Del. Super., Cr. ID No. 0507002254.

[2] Initially, Newton's postconviction motion was rejected as nonconforming under Rule 61(b)(3) because the motion challenged judgments entered at different times. Eventually, the Superior Court accepted the motion on the basis that Newton was sentenced on the judgments at the same time. *See* Del. Super. Ct. Crim. R. 61(b)(3) ("Judgments entered at different times shall not be challenged in one motion but only by separate motions.").

2

(5)     On appeal, Newton has not raised all of the claims that he raised in his postconviction motion.  For instance, Newton's opening brief addresses the validity of the guilty plea and the effectiveness of counsel in the Assault case, but does not address the claim of prosecutorial misconduct. Also, Newton has not briefed any claims in the Robbery case.  To the extent Newton has not briefed claims that were raised in his postconviction motion, those claims are deemed waived.[3]

(6)     In his first claim on appeal, Newton contends that the Superior Court was without subject matter jurisdiction to accept his guilty plea in the Assault case because the charges against him in that case were barred under the prohibition against double jeopardy and the doctrine of collateral estoppel.  In his second claim on appeal, Newton contends that his defense counsel's failure to recognize the double jeopardy and collateral estoppel violations was ineffective representation. In his third claim on appeal, Newton contends that his sentence in the Robbery case must be vacated because the process was "tainted" by the prejudicial effect of his illegal conviction in the Assault case.

(7)     The prohibition against double jeopardy protects a criminal defendant against multiple punishments or successive prosecutions for the same offense.[4]

---

[3] *Somerville v. State,* 703 A.2d 629, 631 (Del. 1997).

[4] U.S. Const. amend. V; Del. Const. art. I, § 8.

3

The doctrine of collateral estoppel provides that when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot be relitigated between the same parties in a future lawsuit.[5] In Delaware, the prohibition against double jeopardy and doctrine of collateral estoppel are codified in 11 *Del. C.* §§ 206-210.

(8) In his first claim on appeal, Newton contends that the Superior Court was without subject matter jurisdiction to accept his guilty plea in the Assault case because the charges against him were barred under the prohibition against double jeopardy and the doctrine of collateral estoppel. Newton contends that the ultimate issues of fact concerning *his* guilt were determined by final judgment in July 2006 when Jordan pled guilty to assault in the second degree and the State dropped the conspiracy charge. According to Newton, because the July 2006 resolution of the charges against Jordan absolved Newton of any guilt in the Assault case, any further prosecution of Newton was barred by 11 *Del. C.* § 207(3).

(9) Newton's claim is without merit. The prohibition against double jeopardy and collateral estoppel doctrine do not invalidate Newton's guilty plea in the Assault case. Jordan's July 2006 guilty plea had no preclusive effect, under the doctrine of collateral estoppel or otherwise, on Newton's October 2006 guilty plea.

---

[5] *See generally Banther v. State*, 884 A.2d 487, 492 (Del. 2005) (explaining that "[p]rinciples of double jeopardy, which are limited to the criminal context, are subsumed by the broader doctrine of collateral estoppel").

4

Moreover, Jordan's guilty plea did not bar Newton's guilty plea under 11 *Del. C.* § 207(3).

(10) Section 207(3) bars the State from prosecuting *the same criminal defendant* more than once for the same offense after a conviction on the same set of facts.[6] Section 207(3) does not bar the conviction of more than one defendant for the same offense on the same set of facts. In Delaware, two or more individuals can be convicted of the same offense under conspiracy or accomplice liability theories.[7]

(11) In an appeal from the denial of postconviction relief, this Court considers the procedural requirements of Rule 61.[8] Under Rule 61(i)(1), a motion for postconviction relief must be filed within one year after the judgment of conviction is final.[9]

(12) In this case, Newton's motion for postconviction relief was filed in January 2014, more than six years after his February 2007 sentencing. Therefore, under Rule 61(i)(1), the motion is time-barred unless, under Rule 61(i)(5), Newton

---

[6] *See State v. Sheeran*, 441 A.2d 235, 242 (Del. Super. Ct. 1981) (providing that "the objective . . . in providing protection based on former jeopardy is to assure that one who has been exposed to a prosecution . . . shall not again be exposed to prosecution for a charge which was asserted or could have been asserted in the former prosecution"), *cert. denied*, 497 A.2d 791 (Table) (Del. 1985).

[7] *See, e.g.*, 11 *Del. C.* § 275(a) ("A person indicted for committing an offense may be convicted as an accomplice to another person guilty of committing the offense."); 11 *Del. C.* § 512 (codifying Conspiracy in the Second Degree, a class G felony).

[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[9] Del. Super. Ct. Crim. R. 61(i)(1).

has established a jurisdictional claim or a "colorable claim that there was a miscarriage of justice because of a constitutional violation."[10]

(13) Newton has not established a jurisdictional claim or a colorable claim of a constitutional violation. Newton's three claims on appeal all are based on the flawed legal premise that his guilty plea in the Assault case was barred under the doctrine of collateral estoppel and the prohibition against double jeopardy as codified in 11 *Del. C.* § 207(3). The Court concludes that the denial of Newton's untimely motion must be affirmed.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[10] Del. Super. Ct. Crim. R 61(i)(5) (2013). This provision was amended in June 2014.

6